Dear Representative Montoucet:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on a matter concerning Louisiana's Public Bid Law. Specifically, you have asked for our opinion on the following two (2) questions:
 1. Can local Fire Departments and Fire Districts purchase fire apparatus and equipment utilizing the Louisiana piggy-back process?
 2. Can an out-of-state contract that followed Louisiana's minimum required standard for public bids be piggy-backed off of?
As a public entity, as defined in La.R.S. 38:2211(A)(11), local Fire Departments and Fire Districts are subject to the provisions of the Louisiana Public Bid Law. See La.R.S. 38:2211 et seq. Under Louisiana's Public Bid Law, contracts for the purchase of materials and supplies exceeding $20,000 must be advertised and let by contract to the lowest responsible and responsive bidder. La.R.S. 38:2212.1(A)(1)(a). This is commonly referred to as the Invitation to Bid ("ITB") method. Contracts for the purchase of materials and supplies costing $10,000 or more, but less than $20,000, must be made by obtaining no fewer than three telephone or facsimile quotations. La.R.S. 38:2212.1(A)(1)(b). For purchases of less than $10,000, there is no prescribed procurement method.
As an alternative to the customary ITB method for purchases of $20,000 or more, Louisiana's Public Bid Law allows political subdivisions to "piggy-back" onto a contract competitively bid by another political subdivision. La.Rev.Stat. 33:1321-1337, the Local Services Law, provides authority for purchases made jointly with other political subdivisions or purchases made under a viable contract previously entered into by another Louisiana political subdivision. It is therefore the opinion of this office that any governmental entity, including local Fire Departments and Fire Districts may "piggy-back" *Page 2 
onto a previously bid and viable contract for the same equipment and supplies at the same or lower price and subject to the written consent of all parties.
With respect to your second question, it has been our position that Louisiana's Public Bid Law does not allow local public entities to make direct purchases from an out-of-state contract. Notwithstanding, it is our understanding that Louisiana's Office of State Purchasing (OSP) has indicated a willingness to review any out-of-state contract in order to determine whether such contract is more advantageous or provides a better pricing for the State. If a contract provided better pricing, OSP would "adopt" the contract thereby making it a state contract. Pursuant to Louisiana law, local governmental entities would then be able to purchase items directly from the contract vendor or from a local vendor, subject to certain restrictions.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MlCHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt